**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**SOUTHERN DIVISION**
**Case No. 7:25-CR-115-D-RN-2**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | **MOTION TO CONTINUE DETENTION HEARING** |
| | ) | |
| Constance Baxley | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

COMES NOW Defendant, Constance Baxley, by and through undersigned counsel of record, and hereby moves for a continuance of the detention hearing in this case. Defendant requests that the Court reschedule the hearing for September 4, 2026.

In support of said Motion, Defendant respectfully shows the Court the following:

1. Defendant is charged in an indictment in which she is alleged to have conspired with others to commit mail, wire, and bank fraud, conspired to commit money laundering, and engaged in three substantive money laundering transactions. [D.E. 1.]

2. Defendant made her initial appearance on August 28, 2026. [D.E. 10.] At that hearing, the Government moved for detention, and a detention hearing was scheduled for September 2, 2026 at 10:30 AM in Raleigh before Magistrate Judge James E. Gates. [*Id.*]

3. Undersigned counsel was contacted about being appointed from the CJA Panel to represent Defendant on the evening of August 31, 2026. Undersigned counsel entered an appearance on September 1, 2026. [D.E. 24.]

4. Defendant was being held at Piedmont Regional Jail, and undersigned counsel was unable to contact or meet with Defendant before the morning of September 2, 2026.

5. The detention hearing scheduled for September 2, 2026 was cancelled before the parties could address Magistrate Judge James E. Gates about this case due to the unexpected evacuation of the Terry Sanford Federal Building and United States Courthouse. Later that same afternoon, at 2:11 p.m., undersigned counsel received notice of a docket entry resetting the detention hearing to September 3, 2026 at 9:30 a.m.

6. Due to conflicts related to other client matters on September 3, 2026, undersigned counsel cannot attend the rescheduled hearing on that date. Defendant requests that the Court continue the detention hearing from September 3, 2026.

7. Undersigned counsel is available to hold the rescheduled hearing at any time on Friday, September 4, 2026. Undersigned counsel is also available on Tuesday, September 8, 2026.

8. While in the courthouse on September 2, 2026, undersigned counsel conferred with Assistant United States Attorney David Beraka regarding potential times for rescheduling the detention hearing. AUSA Beraka represented that he is unable to attend a hearing on Friday, September 4, 2026. But he is available to attend a hearing the following week.

9. Defendant requests that the Court continue the detention hearing and reschedule it for Friday, September 4, 2026. Defendant is a 79-year-old woman who suffered a stroke three years ago, recently had stents placed in her heart, and suffers from arthritis, glaucoma, and diabetes. [D.E. 25 at 3.] Defendant has no prior criminal history besides minor traffic offenses. [D.E. 25 at 5.] Defendant is not charged with any of the offenses described in 18

U.S.C. § 3142(f)(1)(A)-(E). As a result, a detention hearing would only required for Defendant upon motion of an attorney for the Government or upon the judicial officer's own motion that the case involves a serious risk that she will flee, or a serious risk that she will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2).

10. Undersigned counsel did not attend Defendant's initial appearance and did not hear the showing made by the Government to meet its burden justifying a detention hearing in this case. But the U.S. Probation Officer's pretrial services report recommended that Defendant be released on a Personal Recognizance Bond without pretrial supervision based on factors such as her "age, a criminal record that only consists of minor traffic offenses, and her ties to the community." [D.E. 25 at 5.]

11. Defendant has already been detained for nearly one week. Because of the upcoming holiday, if the Court does not reschedule the hearing for Friday, September 4, she will be forced to wait until at least Tuesday, September 8, 2026 for her detention hearing. AUSA's in this district routinely seek coverage for detention hearings. There is no reason why the detention hearing in this case cannot be covered by an AUSA other than the one currently assigned to this matter. Indeed, AUSA Beraka did not substitute as counsel in this case until August 28, 2026. [D.E. 14.] The indictment was brought by a different AUSA in the office. [D.E. 1.]

12. This motion is made in good faith and not for the purposes of delay. Neither the Government nor the Defendant would be prejudiced by an extension of the detention hearing. Undersigned counsel respectfully submits that the extension of time will serve the

ends of justice and such allowance would outweigh the best interest of the public and the Defendant in a speedy trial. As a result, any delay occasioned by granting the motion should be excluded in computing Defendant's speedy trial time under 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, the Defendant, by and through undersigned counsel of record, hereby moves that the detention hearing scheduled for September 3, 2026 at 9:30 a.m. be continued until September 4, 2026. Alternatively, the Defendant requests that the detention hearing be continued until September 8, 2026.

Respectfully submitted this 2nd day of September, 2026.

**EDWARDS BEIGHTOL, LLC**

/s/ Nicholas Hartigan
Nicholas Hartigan
North Carolina State Bar No. 60492
P.O. Box 6759
Raleigh, NC 27628
Phone: (919) 636-5100
njh@eblaw.com

*Attorney for Defendant*

*Designation: CJA Appointment*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, I electronically filed on behalf of the Defendant the foregoing **Motion to Continue Detention Hearing** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties and/or their attorneys who have appeared in this action.

David G. Beraka
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
david.beraka@usdoj.gov
Telephone: 919-856-4845

This the 2nd day of September, 2026.

s/ Nicholas Hartigan
Nicholas Hartigan
North Carolina State Bar No. 60492
**EDWARDS BEIGHTOL, LLC**
P.O. Box 6759
Raleigh, NC 27628
Telephone: (919) 636-5100
njh@eblaw.com

*Attorney for Defendant*

*Designation: CJA Appointment*